## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ANDERSON DIVISION

| | |
|---|---|
| Shirley Lou Ann Williams, as Personal ) <br> Representative of the Estate of Mark ) <br> Douglas Williams, Deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Duke Energy Carolinas, LLC and ) <br> Pike Electric, Inc. ) <br> Defendants. ) <br> _____) | C.A. No.:8:10-cv-00352-JMC <br><br><br><br><br><br> **ORDER AND OPINION** |

This matter is before the court on Defendant Duke Energy Carolina, LLC ("Duke's) and Defendant Pike Electrical, Inc.'s ("Pike's) Motion in Limine [Doc. 70] requesting that the court restrict Plaintiff from presenting certain evidence or information during any phase of the trial of this lawsuit. These matters are addressed in turn below:

1. **Expert Testimony of Andre Stuart**: Defendants seek to exclude Plaintiff's use of Andre Stuart as Plaintiff's "Animation Expert" and moves the court to exclude such testimony, animations, or other documents intended to be introduced through this witness. In Plaintiffs Response in Opposition to Defendants' Motion in Limine [Doc. 80], Plaintiff states that she does not intend to call Mr. Stuart at the trial of this case or use any animations, documents, or exhibits prepared by Mr. Stuart. Therefore, this motion is granted..

2. **Testimony of Plaintiff's Expert, Dr. Gregory Booth**: Defendants seek to exclude Plaintiff's expert, Dr. Gregory Booth, from testifying about the following subject matters: a) Defendants' alleged violations of the National Electric Safety Code ("NESC") because any alleged

1

violation contradicts the plain language of the NESC; and b) legal conclusions on the interpretation and applicability of the South Carolina Code of Regulations to Defendants' alleged liability in this lawsuit.  More specifically, Defendants contend that Dr. Booth's proposed testimony regarding their alleged violations of the NESC directly contradict this Code in that he cannot cite to any specific Code violations by Defendants and he relies on general statements and principles about Defendants' alleged violation of the Code.  Defendants do not appear to challenge Dr. Booth's expertise on the relevant subject matters in this case, but instead his conclusions.

As indicated in its order on Defendants' Motion for Summary Judgment regarding Dr. Booth's testimony, the court finds that Dr. Booth's opinions relate to more than a literal reading of particular provisions within the NESC and the South Carolina Code of Regulations and include broader principles regarding the responsibilities of utility service providers and Duke's customary practice and policy in responding to fires.  Such testimony is based on Dr. Booth's many years of education and experience as an electrical engineer in the electrical industry, electric utility industry, construction industry, and teachings on safety procedures and practices.  Therefore, Defendants' motion to exclude all testimony of Dr. Booth's is denied without prejudice.  The court notes, however, that a party may have to proffer such testimony at trial before the court may make final decisions on this issue.  Defendants' motion to exclude Dr. Booth from improperly offering opinions on legal conclusions to be decided by the jury or questions of law to be decided by the court is granted.

3. **<u>Evidence Related to Plaintiff's Unpled Survival Action</u>**: Defendants seek to prevent Plaintiff from presenting any evidence regarding any purported survival action or any alleged conscious pain and suffering by decedent Mark Williams prior to his death.  In her response, Plaintiff

acknowledges that she has not pled a survival cause of action and does not intend to present any evidence related to any conscious pain and suffering by decedent Mark Williams prior to his death. Therefore, Defendants' motion is granted.

Defendants do not appear to contest Plaintiff's proposed evidence on the manner of decedent's death in support of her wrongful death cause of action, therefore, the court will not address it here.

4. **Firefighter Testimony Regarding Impressions, Beliefs and Assumptions**:

Defendants seek to prevent any firefighters, who appeared at the scene in this matter, from testifying about their impressions, beliefs and assumptions that when a utility company leaves a fire scene it is a firefighters' belief, generally, that the power has been de-energized, and that the structure is safe to enter. Defendants particularly object to this testimony contending that it is improper opinion testimony not based on personal knowledge, but on assumptions and speculations of individual firefighters or others; that Chief Gibson was not at the scene at the time that Duke's representative was on the premises and has no personal knowledge of any conversations that took place between Duke's representative and any of the firefighters on the scene; and that no firefighter requested that either Duke or Pike de-energize the electrical facilities entering the Carolina Mold & Tool ("CMT") facility. The court grants Defendants' motion to the extent that any speculative testimony as outlined above is elicited from any firefighter. However, the court's ruling does not preclude a firefighter from testifying as to his or her personal knowledge and understanding of the events that occurred on the day of the fire.

5. **References to Building Condemnation**: Defendants seek to exclude any references by Plaintiff that the CMT facility was condemned on the basis that there is no such

evidence in the record. In her response, Plaintiff states that she will not provide evidence or testimony that the CMT facility was condemned as a result of the fire that occurred on September 10, 2008. Therefore, this motion is granted.

To the extent that Defendants' motion also refers to Plaintiff's attempt to introduce evidence as to the extent of damage caused to the facility by the subject fire, which allegedly rendered it incapable of receiving electrical service per the regulations of Defendants and Anderson County or inhabitable after the fire to receive electrical service from Defendants, the court finds that this evidence is not covered by the above ruling. Although Defendants object to such evidence as prejudicial, the court finds that such evidence is relevant to the jury's determination of the use of the CMT building after the fire and the responsibilities of all parties in this case.

6.     **Post-Fire OSHA Inspection Report**: Defendants seek to preclude Plaintiff from presenting any evidence regarding any post-fire inspection of the CMT building by OSHA for the purpose of establishing that CMT was "out of business" following the subject fire, or that either CMT or Mark Williams himself, did not violate any OSHA standard by virtue of the fact that CMT was not cited by OSHA related to Mark Williams' death. As to the first issue, the court finds that Plaintiff's introduction of such evidence is relevant to the issues in this case. As to the second issue, the court denies Defendants' motion because such evidence may be relevant, along with other evidence in the case, to establish OSHA's actions in this case.

7.     **Plaintiffs' Expert Reports**: Defendants object to Plaintiff offering into evidence any reports of her experts. In her response, Plaintiff states that she does not intend to introduce any reports of her experts. Therefore, this motion is granted.

8.     **References to Insurance or Indemnity Agreements**: Defendants object to Plaintiff

offering into evidence any references to insurance or indemnity agreements as it relates to Defendants. In her response, Plaintiff states that she does not intend to introduce such evidence. Therefore, this motion is granted.

9.     **National Electrical Safety Code ("NESC") 2008 Edition**: Defendants object to Plaintiff presenting any evidence on any alleged 2008 edition of the NESC. In her response, Plaintiff states that she mistakenly listed the 2008 edition of the NESC as an exhibit to be presented at trial. Therefore, this motion is granted.

**IT IS SO ORDERED.**

                                            s/ J. Michelle Childs
                                            United States District Judge

Greenville, South Carolina
August 24, 2011